IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOE F. JENKINS and JOAN J. JENKINS, )
)
    Plaintiffs, )
)
VS. ) No. 1-05-1072-T-An
)
ALDERMAN GREG HORTON, JIM )
PILLOW, GEORGE KILLEBREW, )
individually and his official capacity, )
and THE CITY OF MILAN, TENNESSEE.)
)
    Defendants. )

---

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS STATE LAW CLAIMS

---

Plaintiffs Joe and Joan Jenkins brought this action against Defendants Alderman Greg Horton; Jim Pillow, former Building Inspector; George Killebrew, Mayor of the City of Milan; and the City of Milan, Tennessee. Plaintiffs allege that Defendants are liable under 42 U.S.C. § 1985 for violating Mr. Jenkins' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also bring claims of malicious prosecution, false imprisonment, conversion, intentional infliction of emotional distress, trespassing, and loss of consortium pursuant to state law. Defendants seek dismissal of Plaintiffs' § 1985 claims and Plaintiffs' state law claims. Plaintiffs have agreed to dismiss their § 1985 claims and an order to dismiss these claims is being circulated. At issue in this

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/23/05

order is whether the district court will retain jurisdiction over Plaintiffs' state law claims.

Plaintiffs bring state law tort claims pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), TENN. CODE ANN. § 29-20-201 *et seq.*, invoking the court's supplemental jurisdiction. Defendants contend that Plaintiffs' tort claims should be dismissed because under the TGTLA, the circuit courts of Tennessee have exclusive jurisdiction over such claims. Plaintiffs' § 1985 claims would ordinarily confer supplemental jurisdiction over the TGTLA claims because they arise out of the same facts and form part of the same case or controversy. See 28 U.S.C. § 1367(a). However, TGTLA claims must be brought in "strict compliance" with the terms of the Act. TENN. CODE ANN. § 29-20-201(c). The TGTLA gives the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions. § 29-20-307.

In Beddingfield v. City of Pulaski, 666 F. Supp. 1064 (M.D. Tenn. 1987), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988), the court held that the Act's exclusive grant of jurisdiction to the state circuit courts precluded the federal court's exercise of supplemental jurisdiction over TGTLA claims. The court reasoned that when such supplemental state law claims involve neither federal law nor federal diversity jurisdiction, no Supremacy Clause interests are implicated. Therefore, federal courts would appear obligated to apply the TGTLA limitations on suability as a matter of state substantive law. See Fromuth v. Metropolitan Gov't of Nashville, 158 F. Supp. 2d 787, 798 (M.D. Tenn. 2001); cf. Timberlake v. Benton, 786 F. Supp. 676, 696-97 (M.D. Tenn. 1992) (dismissing City and

2

officers in their official capacities pursuant to Beddingfield but declining to apply the holding to the officers in their individual capacities).

In addition, a federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Plaintiffs argue, however, that the court should follow Malone v. Fayette County, 86 F. Supp. 2d 797 (W.D. Tenn. 2000), in which it was held that the exclusivity provisions of the TGTLA are not sufficient reason to decline jurisdiction under § 1367(c). However, the Court of Appeals for the Sixth Circuit has held otherwise.

In Gregory v. Shelby County, Tenn., 220 F.3d 433 (6th Cir. 2000), the Court of Appeals affirmed the district court's dismissal of the TGTLA claims, stating, "[i]n this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction." Id. at 446. See also Maxwell v. Conn, No. 89-5060, 1990 WL 2774 (6th Cir. Jan. 18, 1990) (TGTLA's grant of exclusive jurisdiction to the state courts "belied" plaintiff's argument that he could expect to try the TGTLA claims in the same proceeding as his federal claims); Spurlock v. Whitley, 971 F. Supp. 1166, 1185 (M.D. Tenn. 1997).

This court has accepted supplemental jurisdiction over TGTLA claims only in the very limited situation where an action is timely filed by the plaintiff in state court, but is then removed to this court by the defendants, and the plaintiff's statute of limitations has run so that the claims cannot be refiled in state court. See Davis v. Hardin County, #99-1218 (W.D. Tenn. Oct. 23, 2001) (granting a motion to reconsider and reinstating TGTLA claims). This case, however, was not filed by Plaintiffs in state court, but was filed in this court as an original action. Subsequent to filing the complaint, Plaintiffs have agreed to dismiss their federal claim. Under these circumstances, the court declines to accept supplemental jurisdiction over the Plaintiffs' TGTLA claims.

Plaintiffs also argue that not all of their state law claims are brought under the TGTLA. In particular, Plaintiffs argue that Killebrew is sued both in his individual capacity and his official capacity, thus, the claims brought against Killebrew in his individual capacity are non-TGTLA claims and may be brought in federal court.

Under certain circumstances, a federal district court may decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper. Pursuant to 28 U.S.C. § 1367(c):

> The district courts may decline supplemental jurisdiction over a claim under subsection (a) if—
> (3)   the district court has dismissed all claims over which it has original jurisdiction,....

§ 1367(c)(3). As Plaintiffs have agreed to dismiss their § 1985 claims, this court declines

4

to accept supplemental jurisdiction over Plaintiffs' non-TGTLA claims.

Therefore, the state law claims against all Defendants are hereby DISMISSED pursuant to 28 U.S.C. § 1367(c)(3)-(4).

IT IS SO ORDERED.

*/s/ James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

20 May 2005
DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 1:05-CV-01072 was distributed by fax, mail, or direct printing on May 23, 2005 to the parties listed.

---

Fred N. McLean
McLEAN AND McLEAN
206 W. Washington Street
Paris, TN 38242

Edward J. McKenney
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Lewis L. Cobb
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

John D. Burleson
RAINEY KIZER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT